# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINMAX MEDICAL SYSTEMS INC., a Chinese Corporation,<br><br>         Plaintiff,<br><br> vs.<br><br>ALERE SAN DIEGO, INC. (formerly known as BIOSITE INCORPORATED), a Delaware Corproation,<br><br>         Defendant. | CASE NO. 10cv2467 WQH (NLS)<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court Petitioner Chinmax Medical Systems Inc.'s Ex Parte Motion for Stay of an Interim Final Award Issued in Arbitration Pending This Court's Review of the Petition to Vacate that Arbitration Award. (ECF No. 3).

## BACKGROUND

### I. Procedural History

  On December 1, 2010, Chinmax Medical Systems Inc., a Chinese Corporation, ("Chinmax") initiated this action by filing a Verified Petition to Vacate Arbitration Award. (ECF No. 1). On that same day, Chinmax filed its' Ex Parte Motion for Stay of an Interim Final Award Issued in Arbitration. (ECF No. 3). On December 3, 2010, Alere San Diego, Inc, a Deleware Corporation, ("Alere") filed an Opposition. (ECF No. 7).

### I. Contentions

  Chinmax requests the Court "stay the Interim Final Award pending a decision by this

Court on Chimax's Verified Petition to Vacate Arbitration Award." (ECF No. 3 at 7.) Chinmax contends that its Petition to vacate the interim award "might be mooted in the absence of a protective stay before compliance would otherwise be required under the deadlines in the interim final award." *Id*. at 2.

Alere contends Chinmax's request for a stay should be denied because Chinmax is unlikely to succeed on its Petition and Chinmax has not shown that it will be harmed by complying with the interim award pending resolution of its Petition.

## DISCUSSION

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. American Water Works & Elec. Co.*, 299 U.S. 248, 254 (1936). "[T]he factors regulating the issuance of a stay" are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The Court of Appeals for the Ninth Circuit applies the *Hilton* factors by requiring the party seeking a stay to show either (1) "a strong likelihood of success on the merits [of its appeal] and the possibility of irreparable harm," or (2) "that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Golden Gate Rest. Ass'n v. City & County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (quotations omitted). These two alternatives "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.* at 1116 (quotation omitted).

In the context of an arbitration award, the court should apply a more "cautious and prudent exercise of the power [to stay]...." *Hewlett-Packard Co., Inc. v. Berg*, 61 F.3d 101, 106 (1st Cir. 1995); *see also Wartsila Finland OY v. Duke Capital LLC*, 518 F.3d 287, 295 (5th Cir. 2008) ("'[A] stay of confirmation should not be lightly granted,' because '[a] central purpose of [the Convention on the Recognition and Enforcement of Foreign Arbitral Awards] ... was to expedite the recognition of foreign arbitral awards with a minimum of judicial

interference.'") (quoting *Hewlett-Packard Co., Inc.*, 61 F.3d at 106). "Just as 'exceptional circumstances' must exist in order to prevent a Court from compelling arbitration, a party seeking a stay to the enforcement of an arbitration award should be required to make a similarly strong showing." *Holz-Her U.S., Inc. v. Monarch Machinery, Inc.*, 47 F. Supp. 2d 646, 648 (W.D. N.C. 1999) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 20 (1983)).

Chinmax has failed to show a possibility of irreparable harm or exceptional circumstances to justify a stay of the interim award in this case.

## CONCLUSION

**IT IS HEREBY ORDERED** that Chinmax's Ex Parte Motion for Stay of an Interim Final Award Issued in Arbitration Pending This Court's Review of the Petition to Vacate that Arbitration Award. (ECF No. 3) is **DENIED**.

DATED: December 8, 2010

                                        **WILLIAM Q. HAYES**
                                        United States District Judge